By the Court.
On June 15, 1894, John W. Davis, of Muskingum county, died testate. By his will he devised all his property, real and personal, to his Wife, “So long as she shall remain unmarried and my widow, but upon her remarriage the residue or part of my estate which is then on hand after allowing my wife her lawful dower,” be disposed of, to certain of his “heirs or their living children,” as therein provided. The will was duly probated. On July 12, 1894, his widow, Ella Jane Davis, not *557 yet having made any election, under the provisions, of section 5963, Revised Statutes, as amended May 8, 1894, 91 Laws, 204, filed her petition in the court of common pleas, making the proper parties, and asking the court to “give such construction of said will and advice to the plaintiff as is authorized by law. ’ ’ The case was heard in the common pleas, and construction given the will. From this judgment of construction, the plaintiff appealed to the circuit court where, on the hearing, a similar construction was placed on the will; and the plaintiff now prosecutes error in this court to obtain a reversal of the judgment of the circuit court. The ground of the motion is that this court has no jurisdiction to review the judgment of the circuit court in cases of this kind, as, while the statute as amended provides for an appeal from the common pleas to the circuit court, it makes no provision for the prosecution of error from the common pleas or the circuit court to this court. It is true that the amendment of section 5963 makes no such provision, nor was it necessary. Jurisdiction is conferred on this court by section 6710, Revised Statutes, to reverse, vacate, or modify any judgment or final order of the circuit court. The construction placed by the circuit court on the will of John W. Davis, deceased, is a judgment and conclusive of the rights of the plaintiff, should she elect to take under the will as his widow. Hence it was not necessary that the statute as amended should confer the right on either party to prosecute proceedings in error in this court for the reversal of any construction placed on the will by the circuit court or by the common pleas, such jurisdiction being included within the provisions of the section above referred to.

Motion overruled.